IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

MARK JONES and PAMELA JONES

    *Plaintiffs,*

vs.                                                                      CASE NO.:  2:14-CV-000694-RWS

HARLEY-DAVIDSON, INC.,                                  Jury

    *Defendant.*
_____/

**HARLEY-DAVIDSON MOTOR COMPANY GROUP, LLC'S MOTION
TO EXCLUDE UNTIMELY "SUPPLEMENTAL" REPORT OF T. LOVETT**

    Harley-Davidson Motor Company Group, LLC (improperly named in Plaintiffs' Complaint as "Harley-Davidson, Inc.") (hereinafter "Harley-Davidson") hereby respectfully files its Motion to Exclude Untimely "Supplemental" Report of T. Lovett in response to Plaintiffs' Original Complaint and states:

**I.
MOTION TO EXCLUDE "SUPPLEMENTAL" REPORT OF T. LOVETT**

    1.    Plaintiffs Mark and Pamela Jones purchased a 2012 Harley-Davidson Electra Glide Classic motorcycle on or about June 15, 2012.  The motorcycle is available with either an ABS braking system or without one.  The motorcycle purchased by the Jones was the version without ABS braking.

    2.    In this suit, the Plaintiffs allege that they were in an accident that could have been prevented by an ABS system and claim that the design of the motorcycle was "defective" due to the lack of this system—despite that fact that it was available and not

chosen by the Jones's.[1] Accordingly, from the filing of this suit, it was clear that Plaintiffs claims were based on the different in the braking capabilities of an Electra Glide with ABS and one without.

3.  Plaintiffs' disclosure deadline was set by the Court for June 1, 2015. By Court Order, Plaintiffs were "to Designate Expert Witnesses," their "Expert witness report" was due, and explicit reference was made to refer to the Court's Local Rules for required information.[2] On June 4, 2015 (timely per agreement of the parties), Plaintiffs' designated Tim Lovett to testify

> concerning accident reconstruction and the nature of the subject wreck, including causation and ways in which this wreck may have been prevented. Mr. Lovett will also testify generally regarding the physical forces exerted on dynamic motorcycles and how braking systems, including ABS, affect and/or minimize those forces.[3]

4.  Mr. Lovett's report provides generic opinions regarding the safety of ABS systems in motorcycles but contains no case-specific testing and he does not offer explicit opinions regarding the effect an ABS system would have had in this case.[4]

5.  Mr. Lovett was deposed on June 30, 2015. Harley Davidson disclosed its experts on July 10, 2015 (also timely per agreement of the parties).

6.  Harley Davidson filed its Letter Brief seeking to exclude Mr. Lovett on October 5, 2015. Two days later, Plaintiffs provided T. Lovett's supplemental report and testing video in support of same.[5] Mr. Lovett's supplemental report is prefaced:

---

[1] *See* Plaintiffs' Original Complaint (Doc. 1) ¶¶ 8, 15.
[2] *See* Order on Joint Motion to Amend Docket Control Order (Doc. 26) at 3.
[3] *See* Plaintiffs' First Amended Initial Disclosure, attached as Exhibit A, at 13.
[4] Summary Expert Report of T. Lovett, attached as Exhibit B.
[5] *See* Collision Reconstruction Supplemental Report, attached as Exhibit C.

> This case has brought out the issue of braking without the aid of ABS versus braking with ABS into question as a safety factor on motorcycles. The previous deposition indicated some testing was required to settle some disagreements on the differences in the two. Testing was accomplished on September 28, 2015 to ascertain how the two braking capabilities could have altered the workings of the Harley Davidson motorcycle within the incident.

7. By "The previous deposition testimony," Mr. Lovett appears to be referring to questioning regarding his failure to conduct testing to support his opinions. Apparently, in an attempt to untimely perform the proper analysis needed to support his opinions, Lovett conducted testing of three Harley Davidson motorcycles.

8. Mr. Lovett's "supplemental" report uses this new testing to conclude "This testing, though small; solidifies my opinion that ABS systems should be standard equipment on these larger, heavier motorcycles. It is my plan to expand this testing to a larger scale during the upcoming police rodeo season to gather information from a larger test base."[6]

9. Clearly, Mr. Lovett's brand-new testing, and the wholly new opinions resulting therefrom, are not a proper supplement to existing opinions. "The purpose of supplementary disclosures is just that — to supplement. Such disclosures are not intended to provide an extension of the expert designation and report production deadline." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 324 (5th Cir. 1998). "The Advisory Committee Notes to Rule 26 of the Federal Rules of Civil Procedure state that [expert] reports must be 'detailed and complete.'" *Sierra Club, Lone Star Chap. v. Cedar Point Oil*, 73 F.3d 546, 571 (5th Cir. 1996).

---

[6] *Id.* at 2.

10.     Here, Lovett's original expert report does not refer to any testing and does not indicate an intention to perform any testing. It does not even offer case-specific analysis. Nor does Plaintiffs' designation of Mr. Lovett mention either of these topics or designate Mr. Lovett to perform this testing.

11.     Accordingly, Mr. Lovett's "supplemental" expert report, and the underlying testing performed, is not properly categorized as a supplement. It is an attempt to untimely designate Lovett on new areas and to offer wholly new areas of testimony. As such, it should be excluded from evidence and Mr. Lovett should not be permitted to offer any testimony regarding the testing performed.

## II.
## CONCLUSION

Harley-Davidson respectfully prays that the Court exclude the Supplemental Report of Plaintiff's expert, T. Lovett, and preclude Mr. Lovett from testifying regarding the matters contained therein, and for such other and further relief, both at law and in equity, to which they may show themselves justly entitled.

Respectfully submitted,

s/ Pryce G. Tucker

**Pryce G. Tucker**
ptucker@hdbdlaw.com
Texas State Bar No. 24003091
**Roy McKay**
rmckay@hdbdlaw.com
Texas State Bar No. 24071171

**Hartline Dacus Barger Dreyer LLP**
8750 N. Central Expressway, Suite 1600
Dallas, TX 75231
(214) 369-2100 /
(214) 267-4226 (Direct Fax / P. Tucker)

**Ernest H. Eubanks, Jr.** *Admitted Pro Hac Vice*
seubanks@rumberger.com
**Steven I. Klein**
sklein@rumberger.com *Admitted Pro Hac Vice*

**RUMBERGER, KIRK & CALDWELL**
300 S. Orange Ave., Suite 1400
Orlando, FL 32801
(407) 872-7300
(407) 841-2133 (Fax)

Attorneys for Harley-Davidson Motor Company Group, LLC (improperly named in Plaintiffs' Complaint as "Harley-Davidson, Inc.")

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 21, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: **Nelson J. Roach, Esquire and Trey Duck, Esquire.**

s/ Pryce G. Tucker
Pryce G. Tucker

**CERTIFICATE OF CONFERENCE UNDER LOCAL RULE CV-7(h)**

Counsel has complied with the meet and confer requirement in LOCAL RULE CV-7(h) and the motion is opposed. The personal conference required by this rule was conducted by telephone on October 15, 2015. Plaintiffs' counsel, Nelson J. Roach and the undersigned participated in the conference. Plaintiffs' counsel stated that Plaintiffs oppose Harley-Davidson's motion in all respects. Discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

                                              s/ Pryce G. Tucker
                                              Pryce G. Tucker