# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| MARK JONES & PAMELA JONES, § § Plaintiffs, § § v. § § Case No. 2:14-cv-694-RWS-RSP § HARLEY-DAVIDSON, INC. HARLEY- § DAVIDSON MOTOR COMPANY § GROUP, LLC, § § Defendants. § | |

## MEMORANDUM ORDER

Pending before the Court is Plaintiffs Mark Jones and Pamela Jones' ("the Joneses") Motion to Strike the Testimony of Defendants Harley-Davidson, Inc. and Harley-Davidson Motor Company Group, LLC's ("Harley-Davidson") Expert, Robert C. Lange. (Dkt. No. 60.) The Joneses assert that Mr. Lange is unqualified to render certain identified opinions and that some of his other opinions are not based on sufficient facts or data nor application of a reasonable methodology. (Dkt. No. 60 at 3.) Harley-Davidson counters by arguing that Mr. Lange's opinions, at best, go to the weight of the testimony rather than its admissibility. (Dkt. No. 74 at 5.)

## APPLICABLE LAW

Rule 702 provides that an expert witness may offer opinion testimony if (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702.

"The inquiry envisioned by Rule 702 is . . . a flexible one," but in *Daubert*, the Supreme Court held the Rules also "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579, 594, 597 (1993). "The relevance prong [of *Daubert*] requires the proponent [of the expert testimony] to demonstrate that the expert's 'reasoning or methodology can be properly applied to the facts in issue.'" *Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012) (quoting *Curtis v. M & S Petroleum, Inc.*, 174 F.3d 661, 668 (5th Cir. 1999)). "The reliability prong [of *Daubert*] mandates that expert opinion 'be grounded in the methods and procedures of science and . . . be more than unsupported speculation or subjective belief.'" *Johnson*, 685 F.3d at 459 (quoting *Curtis*, 174 F.3d at 668). In assessing the "reliability" of an expert's opinion, the trial court may consider a list of factors including: "whether a theory or technique . . . can be (and has been) tested," "whether the theory or technique has been subjected to peer review and publication," "the known or potential rate of error," "the existence and maintenance of standards," and "general acceptance" of a theory in the "relevant scientific community." *Daubert*, 509 U.S. at 593–94; *see also Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999) ("*Daubert* makes clear that the factors it mentions do *not* constitute a 'definitive checklist or test.'"); *U.S. v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010). "The proponent need not prove to the judge that the expert's testimony is correct, but she must prove by a preponderance of the evidence that the testimony is reliable." *Johnson*, 685 F.3d at 459 (quoting *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc)).

ANALYSIS

A.  **Mr. Lange Is Qualified Under Rule 702**

The Joneses argue that Lange is not an expert in motorcycle accident reconstruction, motorcycle dynamics or human factors. (Dkt. No. 60 at 5-6.) The Joneses also further contend that Mr. Lange is unqualified, or has no expertise, specialized knowledge or training that would allow him to opine on anything regarding accident reconstruction evidence that exists in this case and on actions the Joneses would have taken (or not taken) had the Motorcycle been equipped with an Anti-lock Braking System (ABS). (Dkt. No. 60 at 6.)

However, Harley-Davidson points out that Mr. Lange is a mechanical engineer who has worked for the Ford Motor Company and General Motors Corporation (GM) for a combined total of approximately 27 years, and as a consultant for the automotive industry, Mr. Lange's research included vehicle braking systems and vehicle/brake system performance without ABS. (Dkt. No. 74 at 6.) Therefore, it appears that Mr. Lange meets the requirements under Rule 702 for having "scientific, technical, or other specialized knowledge [that] will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a).

B.  **Mr. Lange's Opinions Involving "Evidence" Are Admissible**

The Joneses point to four Lange opinions reciting the term "evidence" (Dkt. No. 60 at 5.):

- "In 2012, there was no compelling *evidence* that application of ABS and/or CBS to touring type motorcycles would improve overall crash avoidance performance of riders." (Dkt. No. 60-1, Exhibit D, Pg. 28/117 of PDF at ¶81.B.)

- "There is no *evidence* that had ABS and/or CBS been applied to the subject motorcycle that Mr. Jones would have used the technology in an optimum way and avoided the crash." *Id.* at ¶81.C.

- "There is no *evidence* the 2012 Harley-Davidson Electra Glide Class is unreasonably dangerous or defective." *Id.* at ¶81.D.

- "There is no affirmative *evidence* the 2012 Harley-Davidson Electra Glide Class without ABS and/or CBS is defective." *Id.* at ¶97.

The Joneses further contend that Mr. Lange, as a mechanical engineer, is not an expert regarding evidence or the rules of its admissibility – and what constitutes legal "evidence" in this case should only be determined by the Court. (Dkt. No. 60 at 5.) In response, Harley-Davidson argues that Mr. Lange's use of the term "evidence" was intended to apply in a scientific sense rather than in a legal one, and that the meaning of the term "evidence" comes from the surrounding non-legal context of the technical literature, research or studies he collected and relied upon. (Dkt. No. 74 at 7.) Harley-Davidson further states that in the science of motor vehicle safety, "evidence" may often be collision data that is analyzed in a methodology that compares product safety performance before and after application of a particular safety technology, which Mr. Lange described performing in paragraphs 21, 22-49 and 61-69 of his report as to the effectiveness of ABS in motorcycles. (Dkt. No. 74 at 7-8.)

Specifically, Mr. Lange based his analysis in the aforementioned four opinions on an extensive review of literature regarding the development and implementation of ABS in automobiles as well as motorcycles (Dkt. No. 74 at 8.), scientific data and topical research studies performed by the National Highway Traffic Safety Administration (NHTSA) (Dkt. No. 74 at 8.), various studies (including some done by NHTSA) and literature on predicting the effectiveness of ABS and the aftermath of its introduction into automobiles (Dkt. No. 74 at 9.), surveys of motorcycle models from Model years 2002 through 2014 (Dkt. No. 74 at 10.) and other materials. (Dkt. No. 74 at 8-10.) Based on Mr. Lange's analysis of the above data, the Court finds his testimony compliant with Rule 702 because it "(b)…is based on sufficient facts or data; (c)…is the product of reliable principles and methods; and (d) [Mr. Lange] has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702(b)-(d).

## C. Mr. Lange's Opinion Regarding Causation Comports with Rule 702

The Joneses finally argue that Mr. Lange offered no expertise or specialized knowledge that is based on any facts or data to reach the opinion that: "[h]ad the subject 2012 Harley-Davidson Electra Glide Class been purchased new by Mr. Jones equipped with ABS, this crash would not necessarily have been avoided. Collision avoidance in this crash would have been contingent upon the action of Mr. Jones as the motorcycle rider." (Dkt. No. 60 at 9.) The Joneses further argue that Mr. Lange employs no methodology to reach this opinion and as a result, his opinion does not pass muster under Rule 702 and will not be helpful to a jury in this case.

Harley-Davidson counters by stating that Mr. Lange described the methodology he used to analyze various studies in paragraphs 64-66 of his report, and that it is a methodology developed and applied by NHTSA – which Mr. Lange has applied and used throughout his 27 year long career as a safety engineer and automotive industry consultant. The breadth and depth of the technical literature that Mr. Lange consulted has also been outlined above. As a result, due to Mr. Lange possessing "scientific, technical, or other specialized knowledge [that] will help the trier of fact to understand the evidence or to determine a fact in issue," the Court finds that Mr. Lange's opinion regarding the 2012 Harley-Davidson Electra Glide Class complies with Rule 702 because it "is based on sufficient facts or data…is the product of reliable principles and methods; and [Mr. Lange] has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702(a)-(d).

## CONCLUSION

For the reasons above, the Court finds that Harley-Davidson has shown that Mr. Lange's opinion testimony is admissible under Rule 702. Thus, the Joneses' Motion to Strike (Dkt. No. 60) Mr. Lange's testimony is **DENIED**.

**SIGNED this 22nd day of September, 2016.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE