# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| MARK JONES & PAMELA JONES, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 2:14-cv-694-RWS-RSP |
| | § | |
| HARLEY-DAVIDSON, INC. HARLEY-DAVIDSON MOTOR COMPANY GROUP, LLC, | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Before the Court are Defendants Harley-Davidson, Inc. and Harley-Davidson Motor Company Group, LLC's ("Harley-Davidson") Motion to Exclude Opinion Testimony of Timothy Lovett. (Dkt. No. 59.) Plaintiffs Mark and Pamela Jones ("the Joneses") have hired Mr. Lovett as an accident reconstruction expert. Harley-Davidson challenges Mr. Lovett's testimony which suggests that the Joneses motorcycle was "unreasonably dangerous" because it did not have ABS. (*See* Dkt. No. 81 at 2.) The Court finds that Harley-Davidson's Motion (Dkt. No. 59) is **DENIED**.

Harley-Davidson presents two arguments in support of excluding Mr. Lovett's testimony. *First*, Harley-Davidson says that the unopposed part of their Motion should be granted because the Joneses have conceded Mr. Lovett will not testify on (1) the state of the art or the presence of a safer alternative design, (2) defects present in the subject motorcycle, and (3) the efficacy of warning labels. (Dkt. No. 81 at 1.)

*Second*, Harley-Davidson contends their Motion should be granted because Mr. Lovett is not qualified to state the Joneses motorcycle was "unreasonably dangerous." Harley-Davidson

asserts Texas law requires Mr. Lovett to first say the motorcycle was defectively designed before he can say that it is "unreasonably dangerous." (*See* Dkt. No. 81 at 2 ("Thus, 'design defect' and 'unreasonable danger' are one and the same.").) Harley-Davidson points out Mr. Lovett cannot say the motorcycle was defectively designed because the Joneses have conceded that he is not an expert in design. Therefore, Harley-Davidson argues, Mr. Lovett cannot say the motorcycle was "unreasonably dangerous." (Dkt. No. 81 at 2.)

The Court rejects both arguments. <u>*First*</u>, *Daubert* assigns the Court a gatekeeping role which requires the Court to exclude all testimony that is not relevant or reliable. *See Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579, 594, 597 (1993) ("[The Federal Rules of Evidence] assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand."). This role does not extend to excluding testimony that is not offered by any witness. For this reason, the Court will not presumptively exclude testimony that Mr. Lovett has not offered.

To the extent Harley-Davidson worries that Mr. Lovett will testify on alternative designs, defects, or warning labels, the Court notes – other than stating that ABS is safer, describing the high-level workings of ABS and CBS, and stating the technology was available at the time on some motorcycles – that these topics are largely absent from Mr. Lovett's expert report. Federal Rule of Civil Procedure 26 prevents Mr. Lovett from testifying on topics that are not in his report. Should Mr. Lovett offer testimony on a topic that is not in his expert report, Harley-Davidson may contemporaneously object to the testimony at trial. (*See* Dkt. No. 69 at 5 ("Defendants have conceded that ABS and CBS were available, within the state of the art, and safer."); *id.* at 5 ("Plaintiffs are not offering Mr. Lovett to testify regarding the defects present in

the Motorcycle."); *id.* at 6 ("Plaintiffs are not offering Mr. Lovett to testify regarding the efficacy of warning labels or to critique any warning labels Defendants did or did not utilize.").)

*Second*, the Court agrees with Harley-Davidson that Mr. Lovett cannot testify that the motorcycle was "unreasonably dangerous" without ABS. The Court finds he cannot offer this testimony only because Mr. Lovett's expert report does not include the phrase "unreasonably dangerous." (*E.g.*, Dkt. No. 64-2 at 8 ("If Mark Jones' Harley-Davidson Electra Glide Ultra Classic motorcycle had been equipped with ABS or combined ABS, this event would likely have been a non-event.").) The bulk of Mr. Lovett's testimony covers the mechanics of the accident. The rest of his testimony covers the factual bases for his finding that the "collision was caused in large part by the lack of an antilock braking system ("ABS") or combined braking system ("CBS") on the Electra Glide motorcycle." (Dkt. No. 64-2 at 5.) Mr. Lovett's conclusion that the accident was "caused in large part" by a lack of ABS or CBS will not be excluded because it is supported by the tests that he conducted. (*See* Dkt. No. 59-3 at 1–2.) Mr. Lovett's testimony on the history of ABS will also not be excluded because it appears to be unchallenged by Harley-Davidson.

As a final matter, the Court notes Harley-Davidson contends that the Joneses are improperly using experts such as Mr. Lovett to offer testimony discussing studies which find that ABS reduces the likelihood of accidents. Harley-Davidson says Federal Rule of Evidence 703 bars the Joneses' experts from offering this testimony because the studies are inadmissible hearsay and "their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." Fed. R. Evid. 703. That is not a matter properly raised in connection with a *Daubert* motion.

Harley-Davidson's Motion (Dkt. No. 59) is **DENIED**.

**SIGNED this 22nd day of September, 2016.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE