# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| MARK JONES & PAMELA JONES, § § Plaintiffs, § § v. § § HARLEY-DAVIDSON, INC. HARLEY- § DAVIDSON MOTOR COMPANY § GROUP, LLC, § § Defendants. § | Case No. 2:14-cv-694-RWS-RSP |

## MEMORANDUM ORDER

Pending before the Court is Defendants Harley-Davidson, Inc. and Harley-Davidson Motor Company Group, LLC's ("Harley-Davidson") Motion to Exclude Untimely "Supplemental" Report of Plaintiffs Mark Jones and Pamela Jones's ("the Joneses") Expert, Timothy Lovett. (Dkt. No. 44.) Harley-Davidson asserts that the supplemental expert report from Mr. Lovett should be excluded from evidence because it constitutes brand-new testing and is not a proper supplement to existing opinions. (Dkt. No. 44 at 3-4.) Harley-Davidson also argues that Mr. Lovett's supplemental testimony is an attempt to untimely designate Lovett on new areas and to offer wholly new areas of testimony. (Dkt. No. 44 at 4.) The Joneses counter by stating that Mr. Lovett's supplemental testimony is timely under Federal Rule of Civil Procedure 26(e)(2) and properly supplements an indication to perform further testing described by Mr. Lovett during an earlier deposition (Dkt. No. 52 at 5.) The Court finds that Harley-Davidson's Motion (Dkt. No. 44) is **DENIED**.

## APPLICABLE LAW

In excluding supplemental expert reports or testimony, the following four factors are considered: "(1) the importance of the excluded testimony, (2) the explanation of the party for any failure to comply with the court's order, (3) the potential prejudice that would arise from allowing the testimony, and (4) the availability of a continuance to cure such prejudice." *EEOC v. Gen. Dynamics Corp.,* 999 F.2d 113, 115 (5th Cir. 1993).[1] This Court has also previously said that exclusionary sanctions may be considered in some instances as the "last resort."[2]

## ANALYSIS

### A. The Importance of Mr. Lovett's Supplemental Testimony

The Joneses contend that Mr. Lovett's supplemental testimony regarding how the accident occurred and how ABS could have prevented the accident is crucial to establishing their case. (Dkt. No. 52 at 5.) Harley-Davidson makes no commentary on the importance of Mr. Lovett's supplemental testimony, but states that it contains the testing results of three Harley Davidson motorcycles. (Dkt. No. 44 at 3.) The Joneses further add that the results of the testing performed by Mr. Lovett and described in his supplemental testimony illustrate the difference between braking with the aid of ABS and braking without it, which will help the jury understand how this accident could have been prevented had the Joneses' motorcycle been equipped with ABS. (Dkt. No. 52 at 5-6.)

---

[1] Harley-Davidson cites a similar four-part test stating that a court, in exercising its discretion to decide whether to permit newly disclosed trial testimony from a supplemental expert report, should consider: "(1) the explanation for making the supplemental disclosure at the time it is made; (2) the importance of the supplemental information to the proposed testimony of the expert, and the expert's importance to the litigation; (3) potential prejudice to an opposing party; and (4) the availability of a continuance to mitigate any prejudice." *Nunn v. State Farm Mut. Auto. Ins. Co.,* Cause No. 3:08-CV-1486-D, 2010 U.S. Dist. Lexis 61740, *39-40 (N.D. Tex. Jun. 22, 2010).

[2] "The plaintiffs contend, correctly, that the Young supplemental report was disclosed after the December 13, 2004, deadline for disclosing expert reports. According to the briefs, counsel could not get together after the disclosure of the supplemental report for a deposition. Nonetheless, exclusionary sanctions are the last resort, and, given that the plaintiffs have been in possession of the supplemental report since January 18, 2005, the court is hard-pressed to find they would be surprised at trial by the opinions." Fed. R. Civ. P. 37 ("court in which the action is pending may make such orders in regard to the failure as are just")." *Preston v. Schneider Nat'l Carriers, Inc.,* Cause No. 2:04-CV-19, 2005 U.S. Dist. Lexis 46884, *4-5 (E.D. Tex. Mar. 22, 2005)

On balance, it appears that the Joneses have a compelling reason for having Mr. Lovett's supplemental testimony allowed. Therefore, the Court finds that as to the first factor of the four-part test from the *EEOC* case, Mr. Lovett's testimony has importance to the case at hand.

**B.      Justification for Filing Mr. Lovett's Supplemental Report When The Joneses Did**

The Joneses also note that their pretrial disclosures were not due until a future date because the Court had recently requested that the parties propose a revised scheduling order extending the discovery deadline by approximately two months, which pushed back the pretrial disclosure deadline and by extension, the deadline to supplement expert disclosures. (Dkt. No. 52 at 4.)  Therefore, they argue, Mr. Lovett's supplemental testimony is timely under Federal Rule of Civil Procedure 26(e)(2). (Dkt. No. 52 at 4.)  Harley-Davidson appears to not make any arguments about the timeliness or untimeliness of Mr. Lovett's supplemental testimony or the Federal Rules of Civil Procedure, focusing instead on how Mr. Lovett is attempting to untimely perform the proper analysis needed to support the opinions found in his original report through the "brand-new testing" of three Harley-Davidson motorcycles. The Joneses add that Mr. Lovett's deposition revealed an area where additional testing would enable him to better assist the trier of fact, which would be a reasonable basis for conducting additional testing. (Dkt. No. 52 at 5.) Although the Joneses do not directly connect this reasonable basis to timeliness, the Court finds that their arguments weigh in favor of declaring the importance of the additional testing as a proper justification for any untimely delay in the filing of Mr. Lovett's supplemental testimony.

**C.      Potential Prejudice Arising from Allowing Mr. Lovett's Supplemental Testimony**

The Joneses argue that Harley-Davidson cannot claim prejudice based on the additional information contained within Mr. Lovett's supplemental report because "[w]hether a late

disclosure is prejudicial depends on whether the expert testimony was unexpected and left the other party without adequate opportunity to prepare for it." *Michelone v. Desmarais,* 25 Fed. Appx. 155, 158 (4th Cir. 2002). (Dkt. No. 52 at 6.) Because Mr. Lovett's opinions haven't changed at all, and also because any additional testing only bolsters the position the Joneses held throughout the litigation, the Joneses argue that Harley-Davidson cannot assert prejudice or surprise with regards to Mr. Lovett's supplemental report. (Dkt. No. 52 at 6.) In fact, Harley-Davidson does not even make any arguments about experiencing prejudice in its motion. Therefore, the Court agrees with the Joneses that no unfair prejudice to Harley-Davidson arises from the allowance of Mr. Lovett's supplemental testimony.

**D.     The Availability of a Continuance to Cure any Prejudice**

The extension of the discovery schedule after the filing of this motion, together with the absence of unfair prejudice, makes it unnecessary for the Court to consider further continuances.

## CONCLUSION

For the reasons above, the Court will not exclude Mr. Lovett's supplemental report. Harley-Davidson's Motion to Exclude (Dkt. No. 44) Mr. Lovett's supplemental testimony is **DENIED**.

**SIGNED this 26th day of September, 2016.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE